IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| David Mills Becker, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Erlandson, et. al., | ) | Case No. 1:13-cv-117 |
| | ) | |
| Defendants. | ) | |

## I. BACKGROUND

Plaintiff is an inmate at the North Dakota State Penitentiary ("NDSP"). He initiated the above-entitled action in October 2013. Upon screening his original and amended pleadings, the court ultimately allowed him to proceed with his Eighth Amendment claims against Defendants Erlandson, Fried, and Fried. The court also allowed him to proceed with his retaliation claims against Defendants Erlandson and Fried.

On October 20, 2015, plaintiff filed a "Motion to Make Caselaw [sic] Available" in which he averred:

> NDSP has taken all Federal caselaw [sic] off the law library computers. Whereas I need to reference this caselaw [sic] in order to suppportr [sic] my case, I therefore ask the courts to please order this to be made available to me so that I can go forward with my argument.

(Docket No. 27).

On November 3, 2015, defendants filed a response to plaintiff's motion. They dispute plaintiff's assertion, averring: (1) NDSP inmates, including plaintiff, have access to NDSP law library computers; (2) the NDSP has a contract with LexisNexis Group to provide legal research materials to inmates via NDSP law library computers; and (3) inmates who are unable to access a

1

case electronically on the NDSP law library computers can request a copy from the North Dakota Supreme Court Library free of charge.

## II. DISCUSSION

Prisoners have a constitutional right to meaningful access the courts. White v. Kautzky, 494 F.3d 677, 679 (8th Cir. 2007). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996). Prisoners do not have an abstract, freestanding right to a law library, however. Lewis v. Casey, 518 U.S. 343, 351 (1996). Rather, prison officials must provide inmates with "meaningful access to the courts," Bounds, 430 U.S. at 824, and the provision of a law library is merely one way of complying with this obligation. Because "meaningful access to the courts is the touchstone," id. at 823 (internal quotation omitted), an inmate must show an "actual injury" by "demonstrat[ing] that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351.

Here, plaintiff does not claim to have suffered injury as a result of his alleged inability to access federal case law via computer. Moreover, it would appear from defendant's response, to which defendant's have attached an affidavit from Warden Colby Braun, that plaintiff's claimed inability to access federal case law is grossly overstated. In his affidavit, Warden Braun attests that prisoners, including plaintiff, have: (1) access to computers in the NDSP library; (2) electronic access to, amongst other things, United States Supreme Court and Eighth Circuit (Court of Appeals and district court) case law, the United States Code, and the Federal Rules of Civil Procedure; and

2

(3) the ability of obtaining free copies of any cases they are unable to access electronically. (Docket No. 32-1).

Given the lack of any apparent injury and the resources to which plaintiff has access, plaintiff's motion (Docket No. 27) is **DENIED**.

Dated this 5th day of November, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court