IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| David Mills Becker, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Erlandson, et. al., | ) | Case No. 1:13-cv-117 |
| | ) | |
| Defendants. | ) | |

On November 18, 2015, plaintiff filed a motion requesting what amounts to six to seven month extension of the November 20, 2015, deadline for filing dispositive motions. He asserts:

> [I]t has been brought to my attention that Lexis Nexis will be putting all the circuit reports back on the Law library computer at NDSP at their quarterly update in April or May of 2016, I the plaintiff therefore respectfully request this court grant an extention of time to June of 2016 to properly research, shepardize, and re;ply to these proceedings. What I meant is that all Federal caselaw, except the 8th circuit has been taken off the computer. The 8th Circuit is a limited resource District to the least amount of precedent caselaw, in that it has a lower population as compared to 2nd circuit NY, 9th circuit CA, and 5th circuit Texas law for exa example. For me not to have access to these gives a hedged advantage to ND courts. Without circuit court reports, subject matter is extremely difficult. The one computer for the 90 plus inmates in the Plaintiffs living unit, is very unfriendly. It is the Plaintiffs assertion that the Assistant Attorney General, John H. Tyler, has at his disposal a complete update of the Lexis Nexis database as well as an entire State Federa;l Law library. Plaintiff is trying to avoid "Actionable Harm" as is stated in Lewis v. Casey 518 U.S. Also Supreme Court bench opinions are not available because when you click on it, it doesn't do anything.

(Docket No. 35) (errors in original). On November 20, 2015, defendants filed a motion for summary judgment.

The court appreciates plaintiff is proceeding *pro se* and will therefore give him additional time to respond to defendant's motion for summary judgment and to file his own dispositive motion

1

if he is so inclined. However, the court is not convinced that a six to seven month extension is warranted under the circumstances. First, plaintiff currently has by his own admission electronic access to case law out of the Eighth Circuit, which, given the nature of his claims, is likely more than enough for him to rely upon. Second, he has currently means of obtaining copies of cases he may not otherwise be able to access electronically.[1] Finally, he can obtain from defendants copies of case law on which they rely in their motion for summary judgment.

Accordingly, plaintiff's motion (Docket No. 34) is **GRANTED IN PART**. Plaintiff shall have until February 1, 2016, to file a response to defendant's motion and to file a dispositive motion.

**IT IS ORDERED.**

Dated this 25th day of November, 2015.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[1] The court previously addressed plaintiff's ability to access to legal materials in its order dated November 5, 2015. (Docket No. 33)